# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>**BLACK 2009 MAZDA 6**<br>**VIN #1YVHP82A395M14564**<br>**OHIO REGISTRATION HQF4202** | )<br>)<br>)<br>)   Case No.  2:19-mj- 424<br>)<br>) |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of

__21__ U.S.C. § ___846___ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
Black 2009 Mazda 6, VIN #1YVHP82A395M14564, Ohio Registration HQF4202
1287 Cranwood Square South Columbus, Ohio 43229

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brian Manns, Agent (HSI)
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: May 24, 2019

_____
*Judge's signature*

City and state:  Columbus, Ohio

Elizabeth A. Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

| | |
|---|---|
| **IN THE MATTER OF THE TRACKING OF A BLACK 2009 MAZDA 6, LICENSE PLATE NUMBER HQF4202 (OHIO), VIN NUMBER 1YVHP82A395M14564** | CASE NO. 2:19-mj-429<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, **Brian Manns**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device in or on a black 2009 Mazda 6 bearing license plate number HQF4202 (Ohio) and vehicle identification number **1YVHP82A395M14564** (the "SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of drug trafficking crimes, specifically Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846, and that there is probable cause to believe that the installation of a tracking device in or on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2.      I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I

have been employed as a Special Agent since August 2000. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am cross-designated to investigate violations of Title 21 of the United States Code. Prior to my employment with HSI (and formally legacy U.S. Customs), I was employed as a U.S. Customs Inspector/ Supervisory Inspector in the Detroit, Michigan area for approximately ten years. My responsibilities and duties include the investigation and enforcement of federal laws and regulations related to customs and immigration violations, including but not limited to narcotics, financial crimes, fraud, and violations of the Immigration and Nationality Act.

3.      The facts in this affidavit come from my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.      HSI Columbus and the Delaware County Drug Task Force (DCDTF) in Delaware, Ohio have been investigating a Hispanic Drug Trafficking Organization (DTO) involved in the distribution and trafficking of large quantities of heroin in the central Ohio area. This DTO is also involved in the sale of fraudulent and fictitious identity documents, including resident alien cards, birth certificates, and Social Security cards to illegal aliens. This DTO is comprised of mainly Mexican nationals illegally present in the United States. The scope of this DTO is extremely broad and has crossed into targets and heroin addicts from several prior and current investigations not only by the DCDTF, but also by the Columbus Police Department Narcotics Unit (CPD Narcotics), DEA Columbus, HSI Seattle, FBI Columbus, ATF Columbus, and several other state and local

2

law enforcement agencies throughout Ohio. Several members of this DTO have been identified through various means, such as physical or electronic surveillance, analysis of phone numbers/tolls, pen registers/phone pings, trash pulls, and use of cooperating defendants and confidential sources. HSI Columbus and the DCDTF have also conducted several controlled purchases, drug interdiction stops, and search warrants resulting in heroin seizures and arrests from this DTO.

5.     During the course of this investigation, HSI Columbus and the DCDTF have identified a "dispatcher" and at least two "runners" for one of the heroin distribution cells being operated by this DTO. The "dispatcher" is the one who receives the calls from the drug addicts to order up their heroin and then arranges the meet location between the addicts and one of the "runners" (subjects who deliver the heroin) to conduct the heroin transaction. One of the runners has been identified as Jose Narciso ACUNA-ZEPEDA who is a Mexican National illegally present in the United States. Jose Narciso ACUNA-ZEPEDA resides at 1287 Cranwood Square South, Columbus, OH 43229 with one of the primary targets of this investigation, Diego Ernesto CASTANEDA-GARCIA. Surveillance of Jose Narciso ACUNA-ZEPEDA has observed him driving the SUBJECT VEHICLE registered to "Jose Luis Ramirez" 280 Morse Rd. Columbus, Ohio 43214. This address is the address of the Beechwold Christian Church. Your affiant knows from training and experience that drug traffickers will often use fictitious persons/businesses/addresses to register vehicles for the purpose of evading law enforcement.

6.     The SUBJECT VEHICLE has been observed at 1287 Cranwood Square South Columbus, Ohio 43229, as well as, 5559 Birchland Ct. Apt. B Columbus, Ohio 43231 which is the residence of a second runner. Agents have learned this second "runner" goes by the Moniker "VICTOR." During the course of multiple previous surveillance events agents have witnessed

both Jose Narciso ACUNA-ZEPEDA and "VICTOR" meet with suspected heroin addicts for extremely short periods of time which is consistent with drug trafficking. Additionally, agents, on several occasions, have seen both Jose Narciso ACUNA-ZEPEDA and "VICTOR" stop at multiple money remitting businesses and records have been obtained showing Jose Narciso ACUNA-ZEPEDA wiring US currency to Mexico. The phone number provided by Jose Narciso ACUNA-ZEPEDA when wiring US currency is associated to multiple aliases. Jose Narciso ACUNA-ZEPEDA has no documented source of income other than from the sale of heroin. Based on this fact agents believe the US currency being wired to Mexico is from the proceeds of trafficking in heroin.

7. On April 11, 2019, a marked police cruiser with the Delaware County Sheriff's Office attempted to make a traffic stop on an unidentified Hispanic male (believed to be "Victor") in the white 2013 Nissan Altima (Ohio registration HGS7981) previously observed being driven by one of the "runners" ("Victor") for a traffic violation unrelated to this investigation near Lazelle Road and South Old State Street in Columbus, Ohio. The driver of the white Nissan Altima initially stopped, but then fled at a high rate of speed as the deputy exited his police cruiser and started to approach the vehicle. A pursuit ensued through a residential neighborhood and an apartment complex with the white Nissan Altima driving recklessly resulting in the deputy with the Delaware County Sheriff's Office to eventually lose sight of the vehicle and terminate the pursuit. The area of the pursuit is commonly used by the "runners" in this DTO to meet with drug users to sell heroin. However, pen register activity indicated one of the suspected phone numbers (614-972-2076) for Jose Narciso ACUNA-ZEPEDA called Diego CASTANEDA-GARCIA, which was then followed by a phone call from Diego CASTANEDA-GARCIA to the "dispatcher" (Angel CONSTANEDA-GARCIA).

4

8.     Approximately 90 minutes later after the police pursuit and phone calls between the "runner" (Jose Narciso ACUNA-ZEPEDA), Diego CASTANEDA-GARCIA, and the "dispatcher" (Angel CONSTANEDA-GARCIA), surveillance on the "dispatcher" (Angel CONSTANEDA-GARCIA) driving the dark grey 2013 Honda Accord (Ohio registration HHX8979) observed him meeting with the "runners" (Jose Narciso ACUNA-ZEPEDA and "Victor") in the black 2009 Mazda 6 (Ohio registration HQF4202) in front of the Guate Linda Supermarket at 5476 Westerville Road in Westerville, Ohio. However, there was no sign of the white 2013 Nissan Altima (Ohio registration HGS7981) typically driven by "Victor" that just fled from the Delaware County Sheriff's Office earlier. Shortly thereafter, Diego CASTANEDA-GARCIA also arrived at the same location in his white 2016 Volkswagen Golf now bearing Ohio temporary registration H755954. Diego CASTANEDA-GARCIA met briefly with everyone and then left in his white Volkswagen Golf, followed by the "dispatcher" (Angel CONSTANEDA-GARCIA) in his dark grey Honda Accord and the "runners" (Jose Narciso ACUNA-ZEPEDA and "Victor") in the black Mazda 6 (with Jose ACUNA-ZEPEDA driving). All the vehicles travelled in different directions. Technical surveillance on the white Volkswagen Golf observed it travel to the Polaris Crossing apartment complex at 1100 Polaris Crossing Boulevard in Westerville, Ohio. This location was in the vicinity where the pursuit with the white Nissan Altima occurred with the Delaware County Sheriff's Office earlier in the day. A check of the white Volkswagen Golf by a surveillance unit observed it parked in the middle of the apartment complex unoccupied. Surveillance was maintained on the black Mazda 6 after it left Guate Linda Supermarket and observed the "runner" (Jose Narciso ACUNA-ZEPEDA) drop off the other "runner" ("Victor") at one of the previously identified target locations for this DTO at 5559 Birchland Court (Apartment B) in Columbus, Ohio. Surveillance was maintained on the black Mazda 6 and it was eventually

5

followed to OR BEST OFFER MOTORSPORTS LIMITED at 4145 Westerville Road in Columbus, Ohio where Jose Narciso ACUNA-ZEPEDA was observed picking up Diego CASTANEDA-GARCIA and then leaving the business together. Surveillance also observed the white Nissan Altima that was involved in the pursuit with the Delaware County Sheriff's Office earlier in the day now parked in the gated lot at OR BEST OFFER MOTORSPORTS LIMITED.

9. Based upon the foregoing, I believe there is probable cause that Jose Narciso ACUNA-ZEPEDA as well as other persons unknown to your affiant, continue to engage in the trafficking of drugs in violation of 21 U.S.C. § 846. Furthermore, the SUBJECT VEHICLE is being utilized to conduct this criminal activity. Your affiant also believes the installation and continued monitoring of a tracking device will assist in covert surveillance of this DTO. Based on your affiant's training and experience, heroin traffickers utilize evasive and erratic maneuvers when operating their vehicles during the delivery of heroin to customers and while traveling to "stash" locations where bulk heroin and/or proceeds from the sales are stored. These erratic and evasive behaviors are consistent with an attempt to elude law enforcement surveillance. If surveillance officers are observed by the suspects, there is a high likelihood that the investigation, as well as the safety of the law enforcement officers involved in this investigation, will be compromised.

10. Your affiant verifies that the license plate of the SUBJECT VEHICLE is correct in relation to the criminal offense or other violation of law underlying the request for the issuance of the search warrant. The vehicle is registered with the Ohio Bureau of Motor Vehicles and consistent with its appearance.

11.     Based on surveillance and your affiant's own observations as well as the observations of other agents and officers, I know that the SUBJECT VEHICLE is presently within the Southern District of Ohio.

12.     In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek authorization to place a tracking device on the SUBJECT VEHICLE while it is in the Southern District of Ohio. Because the SUBJECT VEHICLE may be parked in driveways and/or on other private property, it may be necessary to enter onto private property and/or move the SUBJECT VEHICLE to affect the installation, repair, replacement, and removal of the tracking device. In particular, the SUBJECT VEHICLE typically parks at 1287 Cranwood Square South Columbus, Ohio 43229.

13.     To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. An approach to the SUBJECT VEHICLE under the cover of darkness would provide the greatest chance of success in deploying the tracking device without endangering the executing officer(s) or jeopardizing the investigation.

14.     In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following the issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

15.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, authorizing members of HSI or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the

SUBJECT VEHICLE within the Southern District of Ohio within 10 days of the issuance of the proposed warrant; to maintain, repair, and/or replace the tracking device as necessary; to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private property (such as 1287 Cranwood Square South Columbus, Ohio 43229) if necessary and/or move the SUBJECT VEHICLE to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Ohio.

16.    In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

17.    I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of HSI, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or

law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of law enforcement agents and others.

Respectfully submitted,

Brian Manns
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on this ___24th___ day of ___May___, 2019

_____
UNITED STATES MAGISTRATE JUDGE

9